# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2020

Lyle W. Cayce
Clerk

No. 20-50563
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAY EDWARD GLENEWINKEL, *also known as* JAY GLENEWINKEL, *also known as* JAY E. GLENEWINKEL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:10-CR-216-1

Before CLEMENT, ELROD, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Jay Edward Glenewinkel, federal prisoner # 56817-280, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a compassionate release reduction in sentence under 18 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

§ 3582(c)(1)(A) due to his ill health and the COVID-19 pandemic. He also moves this court for compassionate release vis-à-vis a 66-month reduction in sentence.

We construe Glenewinkel's IFP motion as a challenge to the district court's certification that his appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into the good faith of the appeal "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

On the motion of either the Director of the Bureau of Prisons or a prisoner, § 3582(c)(1)(A) permits a sentencing court to reduce the prisoner's term of imprisonment after considering the applicable 18 U.S.C. § 3553(a) factors if, inter alia, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13, p.s. We review for abuse of discretion a district court's decision to deny compassionate release despite a prisoner's eligibility. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

In denying Glenewinkel's motion, the district court considered the § 3553(a) factors, including Glenewinkel's history and characteristics and the need to protect the public from further crimes of Glenewinkel. *See* § 3553(a)(1), (a)(2)(C); *see also* § 1B1.13(2), p.s. Glenewinkel has failed to show that the district court's decision was based on an error of law or a clearly erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 693-94. Although, as in *Chambliss*, Glenewinkel may disagree with how the district

court balanced the § 3553(a) factors, his disagreement provides an insufficient ground for reversal. *See id.* at 694.

Glenewinkel's arguments for appeal are not without arguable legal merit, although they ultimately fail to succeed, and he meets the financial eligibility requirements. *See* § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Howard*, 707 F.2d at 220. We therefore GRANT his motion to proceed IFP on appeal. Nonetheless, because Glenewinkel has failed to show that the district court abused its discretion in denying his § 3582(c)(1)(A) motion after weighing the § 3553(a) factors, we AFFIRM the decision of the district court.

Glenewinkel cites no authority, statutory or otherwise, by which an appellate court (as opposed to a district court) may reduce a federal prisoner's sentence in the first instance under these circumstances, and we are aware of none. His motion for a compassionate release is therefore DENIED.